UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KENNETH SALAMONE and  Case No. 1:19-cv-1213
RUFSTR RACING, LLC  (MAD) (DJS)

                              Plaintiffs

v.

DOUGLAS MARINE CORPORATION,

                              Defendant.

---

**DECLARATION IN SUPPORT OF MOTION TO ALTER OR
AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) AND 54**

Leigh A. Hoffman, an attorney authorized to practice law in this Court, declares under the penalty of perjury pursuant to 28 U.S.C. § 1746, the following:

1. I am an attorney admitted to practice law in this Court and am a partner with the law firm of Lippes Mathias Wexler Friedman, LLP, attorneys for Plaintiffs, Kenneth Salamone ("Salamone") and RUFSTR Racing, LLC ("RUFSTR") (Salamone and RUFSTR are collectively the "Plaintiffs") in this action. I submit this Declaration in support of Plaintiffs' motion for an order: (1) altering or amending the April 22, 2021 Judgment in favor of Plaintiffs (the "Judgment") under Fed. R. Civ. P. 59(e) to rectify a clear and fundamental error of law and increasing the damage award from $131,171 to $451,500 as Plaintiffs are entitled to recover under the Michigan Uniform Commercial Code, MCL § 440.2711(1); (2) altering or amending the Judgment under Fed. R. Civ. P. 59(e) to include any pre-judgment interest and post-judgment interest that Plaintiffs are entitled to as a matter of law; and (3) for any such other and further relief that the Court deems just and proper.

1

2.   As counsel for Plaintiffs I have knowledge of the facts set forth below or have gained knowledge by a review of the records kept by Declarant's law firm, as kept in the ordinary and normal course of its practice.

**Relevant Procedural History**

3.   A true and accurate copy of the Docket for this matter, <u>Kenneth Salamone and RUFSTR Racing, LLC v. Douglas Marine Corporation</u>, Civ. No. 1:19-cv-01213-MAD-DJS (the "Action"), is attached hereto as **Exhibit "A"**.

4.   Plaintiffs initiated this action on September 30, 2019 by filing their Complaint. *Doc. No. 1.*

5.   The Complaint alleges seven (7) causes of action against Defendant, Douglas Marine Corporation ("Defendant")[1], as follows: (1) Deceptive Business Practices; (2) Breach of Contract; (3) Unjust Enrichment; (4) Fraud; (5) Conversion; (6) Promissory Estoppel; and (7) Breach of the Implied Covenant of Good Faith and Fair Dealing. See Doc. No. 1 at pp. 7-14.

6.   Defendant filed its Answer and Affirmative Defenses on December 11, 2019 (the "Answer"). *Doc. No.10.*

7.   After motion practice, on February 20, 2021, the Court issued a Trial Notice. Doc. No. 41. The Trial Notice set the deadline for pretrial submissions, including pretrial stipulations, pretrial motions, a final pretrial conference and for the jury trial to start on April 19, 2021 at 9:30 a.m. *Doc. No. 41.*

8.   On April 5, 2021, Plaintiffs and Defendant filed their Joint Pre-Trial Stipulation (the "Stipulation") which stipulated to: (1) the basis of federal jurisdiction; (2) joint exhibits J-1

---

[1] At trial, only Plaintiffs' Second Cause of Action for Breach of Contract was submitted to the jury. The remaining Causes of Action were dismissed by the Court in connection with Defendant's Fed. R. Civ. P. 50 motion after the close of Plaintiff's case or just prior to the charge conference.

through J-49 for admission into evidence (collectively the "Joint Exhibits"); (3) statements of 99 undisputed facts (the "Undisputed Facts"); (4) 55 disputed facts; and (5) twelve issues of law to be considered and applied by the Court. *Doc. No. 43*.

9. The Undisputed Facts stipulated that: (1) "Plaintiffs paid Defendant a total of $501,500.00 for the Skater, Engines, Drives, and hydraulic tilt trailer"; (2) "Defendant received a total of $876,500.00 for the Skater, Engines, Drives and hydraulic tilt trailer"; and (3) "Defendant has only made one payment to Plaintiffs in the total sum of $50,000.00." *See Doc. No. 43 at pars. 93-95*.

10. Under MCL § 440.2711(1), upon a determination of rightful rejection or termination a buyer is entitled to "so much of the price as has been paid" in addition to other damages set forth herein.

11. On April 19, 2021 at 9:30 a.m., the jury trial in this Action commenced. *See Doc. No.61*.

12. At the jury trial, the following proof was presented by Plaintiffs and Defendants:

    (a) The Joint Exhibits were entered into evidence.

    (b) The Undisputed Facts were entered into evidence.

    (c) Defendant's D-1 was admitted into evidence.

    (d) Plaintiff, Kenneth Salamone, provided testimony.

    (e) Jason Saris provided testimony.

    (f) Defendant's employee, Anthony Cutsuries, provided testimony.

    (g) Defendant's owner, Peter Hleidin, provided testimony.

13. At the close of the Plaintiffs' case, Defendant moved under Fed. R. Civ. P. 50(a) for judgment as a matter of law against Plaintiffs First Cause of Action for Deceptive Business

Practices; Third Cause of Action for Unjust Enrichment; Fourth Cause of Action for Fraud; Fifth Cause of Action for Conversion; Sixth Cause of Action for Promissory Estoppel; and Seventh Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing. (Defendant's "JMOL Motion"). Defendant's JMOL Motion did not seek judgment as a matter of law as to Plaintiffs' Second Cause of Action for Breach of Contract.

14. The Court granted Defendant's JMOL Motion as to Plaintiffs' First Cause of Action for Deceptive Business Practices; Third Cause of Action for Unjust Enrichment; Sixth Cause of Action for Promissory Estoppel; and Seventh Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing. The Court reserved decision on Plaintiffs' Fourth Cause of Action for Fraud and Fifth Cause of Action for Conversion.

15. The Court also issued an order denying amendment of the pleadings.

16. Upon Defendant resting, Plaintiffs moved under Fed. R. Civ. P. 50(a) for judgment as a matter of law against Defendants seventeen (17) affirmative defenses. The Court reserved decision.

17. Upon resting, Defendant renewed its JMOL but did not make any further motion.

18. On April 22, 2021, the Court held a charge conference for its jury instruction and verdict form.

19. At the outset, the Court granted Defendant's JMOL with respect to Plaintiffs' Fourth Cause of Action for Fraud and Fifth Cause of Action for Conversion.[2] A true and accurate copy of the April 22, 2021 Trial Transcript is attached hereto as **Exhibit "B"** at pp. 2-6. The Court

---

[2] Plaintiffs Fourth Cause of Action for Fraud and Fifth Cause of Action for Conversion are not addressed specifically as part of this motion. Plaintiffs instead will preserve their rights with respect to their Fourth Cause of Action for Fraud and Fifth Cause of Action for Conversion for appeal which Plaintiffs intend to timely file.

4

also denied Plaintiffs' JMOL but dismissed Defendant's affirmative defenses and therefore did not included in the jury instructions – which effectively left only Defendant's defense that Plaintiffs breached the contract. See **Exhibit "B"** at p. 6.

20.     The parties thereafter conferenced with the Court concerning the jury instructions and the verdict form. For purposes of this motion, Plaintiffs argued that damages should be set in the verdict form in the amount of $451,500.00 in the event that the jury found for Plaintiffs that Defendant breached the contract and that Plaintiffs had been damaged – especially in light of dismissal of Defendant's affirmative defenses. See e.g. **Exhibit "B"** at pp. 13-23. Defendant did not dispute the damage measure but advised that it could not stipulate to inclusion of $451,500.00 on the damage line of the verdict form. See **Exhibit "B"** at p. 13, Lines 17-24; p. 14 Lines 2-6; p. 22, Line 15; p. 23, Lines 9-13.

21.     Plaintiffs' counsel repeatedly asserted that damages were a legal determination and thus should have been specifically provided in the Jury Instructions and Jury Verdict Form. See e.g. **Exhibit "B"** at pp. 13-23. Defendants agreed to the damage calculation and damage amount but refused to include the specific damages Plaintiffs are entitled to as part of the Jury Instruction and Jury Verdict Form. See **Exhibit "B"** at p. 13, Lines 17-24; p. 14 Lines 2-6; p. 22, Line 15; p. 23, Lines 9-13. Defendants refusal to include the stipulated amount has created the need for this Motion to amend the verdict to correct it to $451,500, which is the amount that Plaintiffs are entitled to as a matter of law and is undisputed and derived from amounts stipulated to between the parties.

22.     After a civil jury trial that lasted nearly all of four (4) days from April 19, 2021 to April 22, 2021, the jury in this action returned a verdict in favor of Plaintiffs and against Defendant for breach of contract in the amount of $131,171.

23. Plaintiffs now seek to correct the jury award to rectify a clear manifest error in law upon which the judgment is based, a manifest injustice, and a fundamental error so egregious that it goes to the very integrity of the trial.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter and order: (1) altering or amending the April 22, 2021 Judgment in favor of Plaintiffs (the "Judgment") under Fed. R. Civ. P. 59(e) to rectify a clear and fundamental error of law and increasing the damage award from $131,171 to $451,500 as Plaintiffs are entitled to recover under the Michigan Uniform Commercial Code, MCL § 440.2711(1); (2) increasing the damage award of the Judgment from $131,171 to $451,500 under Fed. R. Civ. P. 54 to provide Plaintiffs the relief they are entitled to under MCL § 440.2711(1); (3) altering or amending the Judgment under Fed. R. Civ. P. 59(e) and 54 to include any pre-judgment interest and post-judgment interest that Plaintiffs are entitled to as a matter of law; and (4) for any such other and further relief that the Court deems just and proper.

Dated: May 19, 2021
Albany, New York

                                          **LIPPES MATHIAS WEXLER FRIEDMAN, LLP**

By: _____
                Leigh Hoffman, Esq.
                *Attorneys for Plaintiffs*
                54 State Street, Suite 1001
                Albany, New York 12207
                Tel: 518-462-0110
                lhoffman@lippes.com