UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH E. SALAMONE and
RUFSTR RACING, LLC,

                                 **Plaintiffs,**

    vs.                                          1:19-CV-01213
                                                     (MAD/DJS)
DOUGLAS MARINE
CORPORATION,

                                 **Defendant.**
_____

APPEARANCES:                                   OF COUNSEL:

**LIPPES MATHIAS, WEXLER,**            **LEIGH A. HOFFMAN, ESQ.**
**FRIEDMAN LLP**                            **JASON A. LITTLE, ESQ.**
54 State Street, Suite 1001                  **JONATHAN D. DEILY, ESQ.**
Albany, New York 12207
Attorneys for Plaintiffs

**HARRIS, BEACH LAW FIRM**             **ELLIOT A. HALLAK, ESQ.**
677 Broadway, Suite 1101                 **DANIEL R. LECOURS, ESQ.**
Albany, New York 12207
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiffs, Kenneth E. Salamone and RUFSTR Racing, LLC ("RUFSTR"), commenced this action on September 30, 2019, alleging causes of action including deceptive business practices, breach of contract, unjust enrichment, fraud, conversion, promissory estoppel, and breach of the implied covenant of good faith and fair dealing. *See* Dkt. No. 1. On December 15, 2020, the Court denied a motion by Plaintiffs for partial summary judgment. *See* Dkt. No. 39. On April 22, 2021, after a four-day trial, the jury entered a verdict in Plaintiffs' favor for $131,171.00 in damages. *See* Dkt. Nos. 64, 67. On August 23, 2021, the Court granted a motion

by Plaintiffs to alter the judgment and granted-in-part a motion by Plaintiffs for a bill of costs. *See* Dkt. No. 87. The Court issued an amended judgment in the amount of $451,500.00 in damages and $3,970.60 in costs. *See* Dkt. No. 88. Currently before the Court is Defendant's motion to set aside the amended judgment pursuant to Rule 60(b)(3) and (4) of the Federal Rules of Civil Procedure. *See* Dkt. No. 99.[1] For the reasons that follow, Defendant's motion is denied.

## II. BACKGROUND

The Court assumes the parties' familiarity with the facts and records of this proceeding, and references it here only as necessary to explain this decision. On October 31, 2019, shortly after the commencement of this action, Defendant submitted a pre-motion letter[2] requesting a conference and permission to file a pre-answer motion to dismiss Plaintiffs' complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 8. In the letter, Defendant asserted that—because Plaintiff "Salamone's residence in New York [wa]s the only connection between the transactions giving rise to the claims in this case and the State of New York"—New York's long arm statute, C.P.L.R. § 302, was not satisfied and the exercise of personal jurisdiction over it would violate due process and fail to comport with notions of fair play and substantial justice. *Id.* at 1. In response, Plaintiffs submitted a letter asserting that Defendant had "contracted with a New York customer and afforded that New York customer with a 35% dealer discount because this transaction was arranged through Performance Marine in Bolton Landing, New York. Any assertions to the contrary are simply belied by the actual contract." Dkt. No. 9 at 1. Plaintiffs' letter suggested that Defendant was "attempting to further

---

[1] The parties filed separate notices of appeal on May 24, 2021. *See* Dkt. Nos. 75, 77. Those appeals are being held in abeyance pending the determination on this motion. *See* Dkt. No. 102.

[2] See section 2(A)(i) of this Court's Individual Rules and Practices.

2

delay answering for its actions by raising a jurisdictional argument that on its face [wa]s untrue."
*Id.*

    The Court began the resulting pre-motion conference by stating:

> The reason I asked you to call in pursuant to my practice is I'm always looking at early motions to see if there's anything that I can do to, you know, possibly do away with the need for a motion. In the years that I've been on the bench, I've realized how much time we lose in the prosecution of a case when early motions are made.
>
> Having said that, I keep a very open mind when motions are made. Nothing I say during this phone conference should be taken as an indication as to how I would rule on a motion. I honestly wait until I get the entire packet, I read the entire packet and then I make a ruling.

Dkt. No. 99-5 at 3. The conference then proceeded, and Defendant reiterated its argument that there was no basis for personal jurisdiction over it and that "the suggestion that there was a dealer in New York that was involved in this transaction is just completely incorrect." *Id.* at 6. Plaintiffs, in turn, asserted that "this [was]n't so much a legal question then as it [wa]s a factual one" and that "[t]he dealer, Performance Marine, was intimately involved in this boat order." *Id.* at 7. Plaintiffs' counsel asserted that they did not "haphazardly" plead the existence of a dealer; but rather had "investigated . . . very thoroughly" and personally spoke to Jason Saris, co-owner of the alleged dealer Performance Marine, "on multiple occasions." *Id.* at 9.

    After hearing the parties' arguments, the Court stated:

> I have no reason and no information to disbelieve either of you and I know that you're being genuine in what you're telling me, so at this point, all I can say is I would like to get this resolved ASAP so that, you know, we know one way or the other.
> * * *
> What I would ask is that, [Defendant], after I conclude this phone conference, doesn't have to be right now, but at some point, you have a phone conference with [Plaintiffs] and further discuss what it is that [Plaintiffs have] told me during the phone conference.
> * * *

3

> If, after those discussions, you still believe ... that a motion is necessary under 12(b)(2) for lack of personal jurisdiction, I'll give a date to have it filed by and then I'll put the briefing schedule on the docket for the opposition and for the reply.

*Id.* at 9-11.  The parties raised further questions concerning jurisdictional discovery and setting a date by which to file a potential motion, and the Court eventually responded:

> I'll give sufficient time to get it filed if you're going to go ahead, but by ... all means, get together and you know, talk about these issues. Obviously, on a motion like this, if there are questions of fact, I don't think I need to be too—you don't have to be too imaginative to know at this stage what a judge is going to have to do with it.  So, before you spend your clients' time and money, talk a little bit.  If there's a bona fide reason to make this motion, go ahead and make it, but talk first.

*Id.* at 13.  The conference concluded soon thereafter.

Defendant did not thereafter attempt to file a pre-answer motion to dismiss.  Instead, it filed an answer on December 11, 2019.  *See* Dkt. No. 10.  In its answer, Defendant denied that the Court had personal jurisdiction over it and asserted lack of personal jurisdiction as an affirmative defense.  *See id.* at 3-4, 29.  On October 1, 2020, Plaintiffs moved for partial summary judgment on their causes of action for breach of contract, conversion, and breach of the implied covenant of good faith and fair dealing.  *See* Dkt. No. 31.  Defendant opposed the motion and asserted, in its preliminary statement, that "the Court should evaluate Plaintiffs' version of the facts with serious skepticism" because,

> [i]n one of the first filings of this case, [Defendant] sought permission to file a motion to dismiss for lack of personal jurisdiction . ...  In response, Plaintiffs argued that personal jurisdiction exists in this District because there was a dealer for the boat in Bolton Landing, New York.  Based upon that false representation to the Court, and the Court's suggestion that it was not likely to dismiss the matter for personal jurisdiction if there was a dispute regarding whether there was a New York dealer involved in the transaction, [Defendant] was persuaded not to file a motion to dismiss for lack of personal jurisdiction at that time. ...  Plaintiffs'

4

> prior representations to this Court in order to secure this Court's jurisdiction, which they now acknowledge are untrue but have never corrected, demonstrate that any statement by Plaintiffs purporting to represent facts are subject to credibility determinations that cannot be decided on a summary judgment motion.

Dkt. No. 33 at 10-11.  Defendant also asserted, in its sur-reply on the same motion, that "it is now clear that personal jurisdiction never existed in this action."  Dkt. No. 38 at 3.  Defendant did not, however, request a dismissal for lack of personal jurisdiction or make a cross motion to that effect.  Instead, Defendant asked only that "Plaintiffs' motion for partial summary judgment ... be denied in its entirety."  *Id.* at 30.  Ultimately, the Court denied Plaintiffs' motion.  *See* Dkt. No. 39.

No motions relevant to the issue of personal jurisdiction were filed in the months leading up to the trial.  The parties did, however, file a joint pre-trial stipulation stating that "[t]here was no contract or financial relationship between [Defendant] and Jason Saris or his company, Performance Marine[,] relative to the boat."  Dkt. No. 43 at 4.  The trial proceeded and, at the close of evidence, Plaintiffs moved "under Rule 50(a) to strike as a matter of law ... the affirmative defenses asserted in the answer."  Dkt. No. 99-16 at 4.  The parties specifically addressed a number of Defendant's affirmative defenses, but not the one concerning personal jurisdiction.  *See id.* at 4-6.  At the subsequent charge conference, the Court ruled that it was denying Plaintiffs' motion.  *See* Dkt. No. 99-17 at 7.  The Court also ruled that, "[t]o the extent that [D]efendant[] [has] not proven these defenses at trial or given proposed jury instructions encompassing these defenses, they [were] being waived at this time."  *Id.*  The jury then began deliberation and ultimately issued a verdict in Plaintiffs' favor.  *See* Dkt. No. 67.  Defendant did not raise the issue of personal jurisdiction in response to Plaintiffs' post-judgment motions to alter the judgment and for a bill of costs.  *See* Dkt. Nos. 83, 85.

Defendant now moves to set aside the amended judgment (1) under Rule 60(b)(3) and (d)(3) of the Federal Rules of Civil Procedure on the ground that the amended judgment "was procured by fraud, misrepresentation, and/or misconduct of Plaintiffs ... including fraud on the Court"; and (2) under Rule 60(b)(4) of the Federal Rules of Civil Procedure on the ground that the amended judgment "is void for lack of personal jurisdiction over Defendant." Dkt. No. 99-18 at 5. In opposition, Plaintiffs argue that "Defendant has failed to meet its burden to prove fraud or failure of personal jurisdiction for the Court to set aside the [a]mended [j]udgment under Rule 60(b)(3) and (4)." Dkt. No. 100-2 at 5. Plaintiffs also request, in cursory fashion, an award of sanctions "in the form of attorney's fees to Plaintiffs in the amount of $7,500.00." *Id.* at 13.

### III. DISCUSSION

A. **Rule 60(b)(3) and Rule 60(d)(3).**

Defendant argues that Plaintiffs' "affirmative misrepresentations at the Pre-Motion Conference" and "subsequent misleading omissions" in the motion for partial summary judgment "constitute fraud for purposes of Rule 60(b)." Dkt. No. 99-18 at 18. Defendant argues that this fraud "prevented [it] from fully and fairly presenting its personal jurisdiction defense" at every stage of this action. *Id.* at 14. At the motion to dismiss stage, Defendant alleges that it refrained from making a motion because "any motion would have been an exercise in futility given the falsehoods being perpetuated by Plaintiffs" and "the Court's statements during the [p]re-[m]otion [c]onference suggest[ed] that any questions of fact regarding whether there was a New York dealer involved in the transaction would result in denial of a motion to dismiss." *Id.* at 18-19. At the summary judgment stage, Defendant asserts that it "did not file its own motion on its personal jurisdiction defense" because of "the vagueness" of Plaintiffs' affidavits and the failure of those affidavits to "explicitly address[] [the] issue of whether Performance Marine/Saris acted in the

6

capacity as a dealer for the transaction." *Id.* at 19. Defendant further argues that this conduct constituted a fraud upon the Court under Rule 60(d)(3).

In opposition, Plaintiffs argue that "Defendant has failed to even assert, let alone provide proof of, the most critical elements of fraud, most significantly, that Plaintiffs' counsel made any representation with knowledge of its falsity; with scienter or an intent to defraud; upon which the party reasonably relied; and such reliance caused damage to the Defendant." Dkt. No. 100-2 at 11. Instead, Plaintiffs assert, "Defendant only demonstrates that testimony from a witness, Mr. Saris, was inconsistent with earlier statements made by Plaintiffs' counsel," which fails to meet "the extraordinary burden of establishing fraud." *Id.* at 10.

Under Rule 60(b)(3), a district court may relieve a party from a final judgment for "fraud." Fed. R. Civ. P. 60(b)(3). "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). The movant must also "'show that the conduct complained of prevented the moving party from fully and fairly presenting [their] case.'" *State St. Bank and Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (quoting *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987)). "These same principles apply when a movant seeks to set aside a judgment on the basis of fraud on the court." *Id.* (citing *Davenport Recycling Associates v. C.I.R.*, 220 F.3d 1255, 1262 (11th Cir. 2000)). "'[F]raud upon the court[,]' as distinguished from fraud on an adverse party[,] is limited to fraud which seriously affects the integrity of the normal process of adjudication." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002) (quoting *Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir. 1988)).

Even assuming that Plaintiffs' statements at the November 2019 pre-motion conference constituted material misrepresentations, Defendant had a full and fair opportunity to move for

7

summary judgment on its personal jurisdiction defense or raise the issue at trial. Instead, it vigorously litigated this action through a jury verdict and a post-judgment motion without ever making an affirmative motion for relief on its personal jurisdiction defense. Defendant asserts that "Plaintiffs' representations and omissions were not exposed as fraudulent until [Saris' testimony at] the trial." Dkt. No. 99-18 at 20. However, in response to Plaintiffs' motion for partial summary judgment—six months before the trial began—Defendant clearly stated its belief that Plaintiffs had "acknowledge[d]" that their previously asserted grounds for personal jurisdiction were "untrue" and that "there was never any dealer involved in [the sale of the] boat." Dkt. No. 33 at 11. Indeed, Defendant went as far as declaring that, "[b]ased upon these admitted facts, it is now clear that personal jurisdiction never existed in this action." Dkt. No. 38 at 3. Defendant's assertion that it was somehow prevented from making a motion for summary judgment on its personal jurisdiction defense because Plaintiffs' affidavits in support of its summary judgment motion failed to "explicitly address[]" this issue defies belief. Dkt. No. 99-18 at 19. Defendant is a sophisticated party represented by experienced counsel and had abundant opportunity to depose Saris on this issue.

      Defendant's claim of fraud upon the court fails for the same reason. *See State St. Bank and Tr. Co.*, 374 F.3d at 176 (holding that a movant must show that the conduct complained of prevented them from fully and fairly presenting their case to set aside a judgment on the basis of fraud on the court). Additionally, the fraud alleged here is not of the type that "threatens the very integrity of the judiciary and the proper administration of justice." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988) (holding that "fraud on the court involves 'far more than an injury to a single litigant'") (quotation omitted); *see also Azkour v. Little Rest Twelve*, No. 10-CV-4132, 2017 WL 1609125, *8 (S.D.N.Y. Apr. 28, 2017) ("[B]ribery of a judge, jury tampering, or

retention of an attorney 'for the purpose of influencing a judge are examples of fraud upon the Court,' but 'nondisclosure during pretrial discovery,' 'after-discovered evidence of alleged perjury by a witness,' and the existence of 'other fabricated evidence' are insufficient") (quotation omitted).

Accordingly, the portion of Defendant's motion seeking to set aside the amended judgment under Rule 60(b)(3) and (d)(3) of the Federal Rules of Civil Procedure is denied.

**B.    Rule 60(b)(4)**

Defendant argues that the amended judgment has been rendered void under Rule 60(b)(4) because "Saris' testimony at trial unequivocally established the truth ... that there is no basis for personal jurisdiction over Defendant."  Dkt. No. 99-18 at 11.  Defendant also argues that it "fully preserved its defense of the lack of personal jurisdiction" by "continually rais[ing] this Court's lack of jurisdiction." *Id.* at 14.  Defendant claims that it, in fact, "never submitted itself to the jurisdiction of this Court, but rather was forced into litigating in this Court based upon perpetual misrepresentations by Plaintiffs" and "the Court's comments that it would not dismiss a case for lack of jurisdiction where there [we]re disputed jurisdictional facts." *Id.* at 14-15.  In opposition, Plaintiffs argue that Defendant purposely waived or inadvertently forfeited its personal jurisdiction defense by participating in the Uniform Pretrial Scheduling Order, discovery demands, scheduled depositions, mandatory mediation, a full trial, and a post judgment motion, without ever litigating the defense.  *See* Dkt. No. 100-2 at 5-9.

Rule 60(b)(4) of the Federal Rules of Civil Procedure provides an avenue for relief from a final judgment when "the judgment is void."  A judgment is void under Rule 60(b)(4) if the court that rendered it lacked personal jurisdiction over the parties.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011).  Defendant bears "the burden of establishing

lack of personal jurisdiction" under Rule 60(b)(4).  *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 126 (2d Cir. 2008).  Where an "'underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4).'" *Irvin v. Harris*, 944 F.3d 63, 68 (2d Cir. 2019) (quotation omitted).  "Indeed, Rule 60(b)(4) 'is unique ... because relief is not discretionary and a meritorious defense is not necessary." *Id.* (quoting *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 n.3 (2d Cir. 1980)).

Here, the Court did not lack personal jurisdiction over Defendant at the time the judgment and amended judgment were rendered.  Even assuming that there were no grounds for personal jurisdiction over Defendant at the inception of this action, Defendant submitted to the Court's personal jurisdiction and forfeited its affirmative defense due to its extensive participation in this litigation.  *See Newcard, Inc. v. Van Dijke*, 137 Fed. Appx. 384, 386 (2d Cir. 2005) (holding that the defendant could not qualify for relief under Rule 60(b)(4) because the defendant "submitted to the court's personal jurisdiction by participating in the litigation"); *see also Mickalis Pawn Shop, LLC*, 645 F.3d at 139 (holding that the defendants could not obtain relief under Rule 60(b)(4) because, "by appearing, litigating, and then intentionally withdrawing from the proceedings," the defendants "submitted to the jurisdiction of the district court" and "forfeited their jurisdictional defense").  As addressed above, Defendant knew that "personal jurisdiction never existed in this action," at the latest, when Plaintiffs moved for partial summary judgment.  Dkt. No. 38 at 3. Defendant thereafter had several clear opportunities to make a motion for resolution of its personal jurisdiction defense, but did not.  Instead, Defendant chose to litigate this case to a conclusion on the merits—including opposing a post-trial motion to alter the verdict—without ever requesting the relief it now asserts it is entitled too.  Thus, the Court concludes that Defendant had forfeited its personal jurisdiction affirmative defense by the time the judgment and

amended judgment were rendered. *See Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999) (considering the "passage of time," "the litigation activity that occurred," and "the opportunities to litigate the jurisdictional issue that were forgone" before holding that the defendant forfeited its personal jurisdiction defense); *see also Roberts v. Bennaceur*, 658 Fed. Appx. 611, 617 (2d Cir. 2016).

Accordingly, the portion of Defendant's motion seeking to set aside the amended judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure is denied.

**C.     Plaintiffs' Sanctions Request**

In their opposition papers, Plaintiffs include a cursory request for the imposition of sanctions on Defendant. *See* Dkt. No. 100 at 7; Dkt. No. 100-2 at 13. However, Plaintiffs provide no support for their claim that the present motion was "clearly designed to antagonize and harass Plaintiffs and impugn the credibility of Plaintiffs' counsel," Dkt. No. 100 at 7, and the Court does not find that Defendant's motion was completely devoid of a factual basis or legal support.

Accordingly, Plaintiffs' request for sanctions is denied.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to set aside the amended judgment (Dkt. No. 99) is **DENIED**; and the Court further

**ORDERS** that Plaintiffs' request for sanctions is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 12, 2022
       Albany, New York

Mae A. D'Agostino
U.S. District Judge