**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**KENNETH E. SALAMONE and RUFSTR**
**RACING, LLC,**

                                        **Plaintiffs,**

     **vs.**                                                        **1:19-CV-1213**
                                                                   **(MAD/DJS)**

**DOUGLAS MARINE CORPORATION,**

                                        **Defendant.**

---

**APPEARANCES:**                                    **OF COUNSEL:**

**LIPPES MATHIAS LLP**                              **LEIGH A. HOFFMAN, ESQ.**
54 State Street, Suite 1001
Albany, New York 12207
Attorneys for Plaintiffs

**FARRELL FRITZ P.C.**                              **JASON A. LITTLE, ESQ.**
19 Dove Street
Ste 202
Albany, New York 12210
Attorneys for Plaintiffs

**HARRIS BEACH MURTHA CULLINA PLLC**               **ELLIOT A. HALLAK, ESQ.**
677 Broadway – Suite 1101                           **DANIEL R. LECOURS, ESQ.**
Albany, New York 12207
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs, Kenneth R. Salamone and RUFSTR Racing, LLC ("RUFSTR"), commenced

this action on September 30, 2019, alleging causes of action including deceptive business

practices, breach of contract, unjust enrichment, fraud, conversion, promissory estoppel, and

breach of the implied covenant of good faith and fair dealing. *See* Dkt. No. 1. On April 22, 2021,

after a four-day trial, the jury returned a verdict in Plaintiffs' favor for $131,171.00 in damages. *See* Dkt. Nos. 64, 67.  On August 23, 2021, the Court granted Plaintiffs' motion to alter or amend the judgment, and entered an amended judgment in the amount of $451,500.00 in damages and $3,970.60 in costs.  *See* Dkt. Nos. 87 & 88.

On August 8, 2024, the Second Circuit held that this Court erred in increasing the amount awarded based on the conclusion that the jury's damages calculation constituted a fundamental error.  *See* Dkt. No. 108.  As such, the Second Circuit reversed and remanded this case and instructed the Court to issue a second amended judgment that reinstates the original jury award of $131,171.00 in damages, and grants Plaintiffs costs and post-judgment interest.  *See id.*  The Court entered the second amended judgment on September 3, 2024.  *See* Dkt. No. 110.

While the appeal was pending, Plaintiff commenced enforcement actions with regard to the amended judgment, including issuance of an information subpoena and restraining of Defendant's bank account.  *See* Dkt. No. 111-9 at 6.  As a result of these actions, Defendant contends that it was compelled to satisfy the amended judgment and, between April 27, 2022 through September 8, 2022, it transferred a total of $505,046.22 in value to Plaintiff via garnishment from its restrained account, transfer of two Mercury 700 motors (valued at $85,000), and numerous wire transfers.  *See* Dkt. No. 111-1 at ¶¶ 6-11.  Since the Second Circuit's decision and this Court's entry of the second amended judgment, Defendant alleges that it has repeatedly sought reimbursement of the difference between the second amended judgment and the amount paid by Defendant to Plaintiffs to no avail.  *See id.* at ¶ 14; *see also* Dkt. No. 111-7 at ¶ 15.

Currently before the Court is Defendant's motion seeking restitution of money paid to Plaintiffs following the entry of the amended judgment. *See* Dkt. No. 111. Plaintiffs have failed to respond to Defendant's motion. For the reasons that follow, Defendant's motion is granted.[1]

## II. DISCUSSION

When a litigant makes a payment to satisfy a judgment that is later reversed, the general rule is that "what has been lost to a litigant under the compulsion of a judgment shall be restored thereafter, in the event of a reversal, by the litigants opposed to him, the beneficiaries of the error." *Atl. Coast Line R. Co. v. Florida*, 295 U.S. 301, 309 (1935); *accord United States v. Morgan*, 307 U.S. 183, 197 (1939). The Restatement summarizes the law this way: "A transfer or taking of property, in compliance with or otherwise in consequence of a judgment that is subsequently reversed or avoided, gives the disadvantaged party a claim in restitution as necessary to avoid unjust enrichment." Restatement (Third) of Restitution and Unjust Enrichment ("Restatement") § 18 (Am. Law Inst. 2011).

That statement of the law contains an important caveat: restitution is permitted only "as necessary to avoid unjust enrichment." *Id.*; *see also Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 143 (2d Cir. 2019). "One claiming restitution must 'show that the money was received in such circumstances that the possessor will give offense to equity and good conscience if permitted to retain it.'" *Wesby v. District of Columbia*, 502 F. Supp. 3d 136, 140-41 (D.D.C. 2020) (quoting *Atl. Coast Line*, 295 U.S. at 309. "So although a court should ordinarily order restitution when a litigant satisfies a judgment that is later reversed, it may reduce the amount

---

[1] For a complete recitation of the factual background of this dispute, the Court refers the parties to the Second Circuit's August 8, 2024, decision. *See* Dkt. No. 108.

owed or deny restitution altogether 'if compelling equitable considerations so dictate.'" *Id.* at 141

(quoting *Williams v. Wash. Metro. Area Transit Comm'n*, 415 F.2d 922, 944 (D.C. Cir. 1968)).

The "baseline rule" in the Second Circuit "is that 'a party against whom an erroneous

judgment or decree has been carried into effect is entitled, in the event of a reversal, to be restored

by his adversary to that which he has lost thereby.'" *Vera*, 946 F.3d at 145 (quoting *LiButti v.*

*United States*, 178 F.3d 114, 120 (2d Cir. 1999)). Accordingly, "a court must restore that which

has been 'given or paid under the compulsion of a judgment' where 'its judgment has been set

aside and justice requires restitution.'" *JDH Unlimited Inc. v. APKZ Medical Inc.*, No. 21-cv-

3118, 2024 WL 892631, *10 (E.D.N.Y. Mar. 2, 2024) (quoting *United States v. Morgan*, 307 U.S.

183, 197 (1939)). "Well established principles of restitution permit a court, after being reversed,

to order restitution." *Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust*, 824 F.2d

765, 767 (9th Cir. 1987) (citations omitted); *see also* Restatement § 74 (concluding that "the

tribunal which is reversed can on motion or on its own initiative direct that restitution be made").[2]

In the present matter, the Court finds that Defendant's request for restitution must be

granted and that Defendant's are entitled to restitution in the amount of $369,801.44. As set forth

above, on August 23, 2021, the Court entered an amended judgment in the amount of

$451,500.00, with post-judgment interest consistent with Rule 54(d)(1) of the Federal Rules of

---

[2] Following remand from the Second Circuit, jurisdiction over this matter returned to this Court. *See Caldwell*, 824 F.2d at 767 (holding that the district court had jurisdiction over the subject matter and parties following remand to order restitution on the defendant's motion for restitution of money paid on a judgment that was reversed on appeal) (citations omitted); *Baltimore & Ohio R.R. v. United States*, 279 U.S. 781, 786 (1929) ("It was the duty of the court to retain jurisdiction of the case, enter a decree that appellants are entitled to restitution"); *see also EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 208 (2d Cir. 2012) (holding that "[p]rocess subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution") (quoting *Riggs v. Johnson Cnty.*, 73 U.S. 166, 187 (1867)).

Civil Procedure.  Defendant timely appealed from the amended judgment, and the Second Circuit reversed this Court on August 8, 2024, directing this Court to issue a second amended judgment that reinstates the original jury award of $131,171.00.

While the appeal was pending, Plaintiff undertook actions to enforce the amended judgment, including issuance of an information subpoena pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure and New York CPLR § 5223.  *See* Dkt. No. 111-7 at ¶ 7; Dkt. No. 111-1 at ¶ 5.  As set forth in the declaration of Peter Hledin, the President and Owner of Defendant Douglas Marine Corporation, from April 27, 2022 to September 8, 2022, Defendant transferred to Plaintiffs a total of $505,046.22 in value through the following combination of transactions: (1) April 27, 2022 – $5,836.78 – garnishment from Defendant's bank account; (2) April 27, 2022 – $30,171.00 – garnishment from Defendant's bank account; (3) April 27, 2022 – $15,617.63 – garnishment from Defendant's bank account; (4) June 3, 2022 – $20,000.00 wire transfer; (5) July 12, 2022 – $85,000.00 value – Mercury 700 motors; (6) July 15, 2022 – $100,000.00 wire transfer; (7) July 28, 2022 – $100,000.00 wire transfer; (8) August 18, 2022 – $100,000.00 wire transfer; and (9) September 8, 2022 – $48,420.81 wire transfer.  *See* Dkt. No. 111-1 at ¶¶ 6-11.  Attached to the Hledin Declaration are contemporaneous records supporting each of these transactions, including bank statements reflecting the garnishments, a receipt for the Mercury 700 motors, and wire transfer confirmations evidencing transfers from Defendant to Plaintiff Salamone.  *See* Dkt. Nos. 111-2, 111-3, 111-4, 111-5 & 111-6.  Based on these exhibits, Defendant has demonstrated that Plaintiff received a total of $505,046.22.[3]

---

[3] Defendant notes that this amount was actually an overpayment from what was owed on the amended judgment because they erroneously applied the significantly higher New York post-judgment interest rate, rather than the federal post-judgment interest rate.  *See* Dkt. No. 111-7 at ¶ 9.

The difference between the amount paid by Defendant, $505,046.22, and the reinstated $131,171.00 judgment, $3,970.60 award of costs, and post-judgment interest on the original judgment in the amount of $103.18, leaves $369,801.44 owed to Defendant.

As noted above, Plaintiffs failed to respond to Defendant's motion. As such, Plaintiffs have failed to demonstrate that there are any equitable considerations that should preclude the Court from granting Defendant restitution based on Plaintiffs' unjust enrichment. Accordingly, Defendant's motion for restitution is granted.

### III. CONCLUSION

After carefully reviewing the record in this matter, Defendant's submissions and the applicable law, the Court hereby

**ORDERS** that Defendant's motion for entry of an order of restitution (Dkt. No. 111) is **GRANTED**; and the Court further

**ORDERS** that Defendant is awarded restitution from Plaintiffs in the amount of **$369,801.44**, including post-judgment interest accruing from July 12, 2022;[4] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 3, 2025
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[4] This date reflects the date that Defendant satisfied its obligations under the original judgment. *See* Dkt. No. 111-8 at 2.